1  Kevin T. Barnes, Esq. (#138477)
2  Gregg Lander, Esq. (#194018)
   LAW OFFICES OF KEVIN T. BARNES
3  5670 Wilshire Boulevard, Suite 1460
   Los Angeles, CA 90036-5664
4  Tel.: (323) 549-9100 / Fax: (323) 549-0101
   Email: Barnes@kbarnes.com

5              **UNITED STATES DISTRICT COURT**

6            **SOUTHERN DISTRICT OF CALIFORNIA**

7  Erik Kellgren, Individually and on        )
   Behalf of All Other Persons               )   CIVIL ACTION:
8  Similarly Situated,                       )
                                             )   **'13 CV 0644 W    KSC**
9          Plaintiffs,                       )
                                             )   **COMPLAINT AND JURY
10         -against-                         )   DEMAND**
                                             )
11 PETCO ANIMAL SUPPLIES, INC.;             )
   PETCO HOLDINGS, INC.; and                )
12 DOES 1 to 100, inclusive,                )
                                             )
13         Defendants.                       )
                                             )
14                                           )
                                             )
15 _____      )

16         Plaintiff Erik Kellgren, individually and on behalf of all persons similarly

17

18 situated (hereafter, "Plaintiff"), by his attorneys, upon personal knowledge as to

19 himself and upon information and belief as to other matters, alleges as follows:

20              **NATURE OF THE ACTION**

21         1.    Plaintiff alleges, on behalf of himself and other similarly situated

22

23 current and former assistant managers, similarly situated current and former

24 assistant store managers, and similarly situated current and former employees

25 holding comparable positions but different titles employed by Defendants Petco

26

27 Animal Supplies, Inc., Petco Holdings, Inc., and DOES 1 to 100 (collectively,

28 "Defendants") within the United States of America at any time since March 19,

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

2010 to the present, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter, the "Collective Action Members"), that they are: (i) entitled to unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, et seq.

2.     Defendants willfully violate the FLSA and its supporting regulations by misclassifying Plaintiff and the Collective Action Members, failing to pay the Collective Action Members for all overtime hours worked, failing to pay the Collective Action Members overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay overtime on a timely basis. Plaintiff and the Collective Action Members are entitled to unpaid overtime wages from Defendants for all hours worked by them above 40 in a workweek and are also entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

4.     Defendants are subject to personal jurisdiction in the State of California.

5.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Defendants have their principal place of business in this District.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

**COMPLAINT**

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Plaintiff's claims involve matters of national or interstate interest.

## THE PARTIES

*Plaintiff*

8. Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in Illinois.

9. Plaintiff was employed by Defendants from approximately 2007 until October 2010, as an assistant store manager at Defendants' stores located in St. Charles, Illinois, Aurora, Illinois, Oswego, Illinois and Shorewood, Illinois.

10. At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc.*

11. Upon information and belief, Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal places of business at 9125 Rehco Road, San Diego, California. According to its website, Petco Animal Supplies, Inc. is a privately held company with more than 1,150 specialty retail stores nationwide, selling pet food, live animals, pet supplies and related goods and services.

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@BARNESLAW.COM

12.     Upon information and belief, Defendant Petco Holdings, Inc. is a Delaware corporation with its principal place of business at 9125 Rehco Road, San Diego, California.

13.     Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. were and are doing business in California, including at their retail locations throughout the State of California.

14.     At all relevant times, Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

15.     Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. are each covered employers within the meaning of the FLSA.  Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have been and continue to be enterprises engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

16.     Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. employed employees (including Plaintiff and the Collective Action Members) who were engaged in commerce or the production of goods for commerce.

17.     Upon information and belief, Defendant Petco Animal Supplies, Inc. and Defendant Petco Holdings, Inc. each had annual gross revenues in excess of $500,000 for all relevant periods herein.

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

18.    Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and the Collective Action Members to be subject to the unlawful pay practices described in this Complaint.

### *Defendant DOES 1 to 100, inclusive*

19.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names.

20.    Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## **PLAINTIFF'S WAGE AND HOUR FACTUAL ALLEGATIONS**

21.    Plaintiff and the Collective Action Members worked for Defendants as assistant managers, assistant store managers, and other comparable positions holding different titles at various times during the FLSA statutory period.

22.    The primary duties and responsibilities of Plaintiff and the Collective Action Members are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-9101
WWW.KBARNES.COM

between the different individuals in these positions were and are legally

insignificant to the issues presented by this action.

      23.     Plaintiff and the Collective Action Members performed similar

primary job duties, including:

          a.  cashiering;

          b.  stocking;

          c.  assisting customers;

          d.  unpacking merchandise;

          e.  cleaning and straightening the store;

          f.  organizing the store according to detailed corporate directives

              called planograms;

          g.  unloading delivery trucks; and

          h.  caring for pets, including cleaning cages.

      24.     The work performed by Plaintiff and the Collective Action Members

required little skill and no capital investment.  Their duties did not principally

include managerial responsibilities.

      25.     Plaintiff's and the Collective Action Members' primary job duties did

not include:

          a.  interviewing;

          b.  hiring;

          c.  disciplining other employees; or

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
LAWYER@KBARNES.COM

d.  firing.

26.     Plaintiff's and the Collective Action Members' job duties as exempt assistant managers, assistant store managers, and other comparable positions holding different titles did not differ substantially from the duties of the non-exempt hourly-paid store employees, which included stocking shelves, unloading delivery trucks, and cashier and cleaning duties.

27.     Plaintiff and the Collective Action Members did not exercise a meaningful degree of independent discretion with respect to their job duties, due to Defendants' policies, procedures, and practices.

28.     The primary duties of Plaintiff and the Collective Action Members were manual in nature.  The performance of manual duties occupied the majority of their working hours.

29.     Consistent with Defendants' policies, patterns, and practices, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime compensation.

30.     Defendants were or should have been aware that federal law required Defendants to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

31.     Defendants assigned all of the work that Plaintiff and the Collective Action Members performed, and/or Defendants are aware of all the work that Plaintiff and the Collective Action Members performed.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

- 7 -

**COMPLAINT**

32.     Pursuant to Defendants' centralized company-wide policies, patterns, and practices, Defendants classified Plaintiff and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA, and have not paid overtime wages to them for hours worked in excess of 40 in a workweek.

33.     Defendants did not perform a person-by-person analysis of Plaintiff's or the Collective Action Members' job duties when making the decision to classify them as exempt from the FLSA's overtime protections.

34.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern, and/or practice includes, but is not limited to:

   a.     willfully misclassifying Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA; and

   b.     willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week.

35.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy, pattern, and/or practice of minimizing labor costs by violating the FLSA.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@BARNESLAW.COM

36.     Defendants' failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per week was willful.

37.     Defendants' unlawful conduct has been widespread, repeated and consistent.

38.     Upon information and belief, throughout all relevant time periods while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

39.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are employed or were formerly employed by Defendants as assistant managers, assistant store managers, and any other similarly situated current and former employees holding comparable positions but different titles in the United States at any time since March 19, 2010, to the entry of judgment in this case, whom Defendants classified as exempt employees within the meaning of the FLSA, and who did not receive any overtime compensation.

40.     Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Collective Action Members.

41.     There are many similarly situated current and former assistant managers, assistant store managers, and other employees holding comparable

LAW OFFICES OF
KEVIN T. BARNES
WITH WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

positions but different titles who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).  Upon information and belief, there are at least 500 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

42.   The similarly situated Collective Action Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

43.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

///

///

///

///

///

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.FSBARNES.COM

- 10 -
**COMPLAINT**

## FIRST CAUSE OF ACTION:
## **FAIR LABOR STANDARDS ACT**

44.    Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference paragraphs 1 through 43 as if they were set forth again herein.

45.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's consent is attached as Exhibit A.

47.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

49.    Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50.    At all times relevant, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51.    Defendants have failed to pay Plaintiff and the Collective Action Members the overtime wages to which they were entitled under the FLSA.

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
VANCE@KBARNES.COM

52.     Defendants' violations of the FLSA, as described in this Complaint, have been intentional and willful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

53.     Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54.     At all relevant times, Defendants employed Plaintiff, and employed or continues to employ the Collective Action Members, within the meaning of the FLSA.

55.     Upon information and belief, at all relevant times, each Defendant has had gross revenues in excess of $500,000.

56.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

57.     As a result of the unlawful acts of Defendants, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages, in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, disbursements, and other compensation, pursuant to 29 U.S.C. § 216(b).

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KEVINBARNES.COM

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the Collective Action Members, respectfully requests that this Court grant the following relief with regard to the Claims asserted herein:

a.   At the earliest possible time, designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members (i) apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, and (ii) permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   Equitable tolling of the statute of limitations;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d.   An award of unpaid wages in the maximum amount allowed for all hours worked as well as overtime compensation due under the FLSA;

e.   An award of statutory, liquidated, and/or punitive damages as a result of Defendants' willful failure to pay all overtime compensation pursuant to 29 U.S.C. § 216;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
VIVIAN@BARNES.COM

**COMPLAINT**

f.    An award of damages representing Defendants' share of FICA,

      FUTA, state unemployment insurance and any other required

      employment taxes;

g.    An award of prejudgment and post-judgment interest;

h.    An award of costs and expenses of this action together with

      reasonable attorneys' and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:      Los Angeles, California

Dated: March 19, 2013

                              By:    /s/ Kevin T. Barnes
                              Kevin T. Barnes, Esq.
                              Gregg Lander, Esq.
                              LAW OFFICES OF KEVIN T. BARNES
                              5670 Wilshire Boulevard, Suite 1460
                              Los Angeles, CA 90036-5664
                              Telephone: (323) 549-9100
                              Facsimile: (323) 549-0101
                              www.kbarnes.com


                              Seth R. Lesser*
                              Fran L. Rudich*
                              Michael J. Palitz*
                              KLAFTER OLSEN & LESSER LLP
                              Two International Drive, Suite 350
                              Rye Brook, New York 10573
                              Telephone: (914) 934-9200

**COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

1
2

Facsimile:  (914) 934-9220
www.klafterolsen.com

3
4
5
6
7
8
9

Marc S. Hepworth*
David A. Roth*
Charles Gershbaum*
HEPWORTH GERSHBAUM & ROTH,
PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199
Facsimile:  (212) 532-3801
www.hgrlawyers.com

10

*Attorneys for Plaintiff and Opt-ins*

11
12

*to apply for admission *pro hac vice*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90006-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

- 15 -
**COMPLAINT**

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. and/or their parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "Petco") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against Petco and/or other entities and/or persons potentially liable.

Signature

Erik Kellgren
Printed Name

284 Anita Terrace, Apartment 203
Address

Antioch, Illinois
City/State

60002
Zip Code

630-346-3432
Telephone

redleader614@gmail.com
E-mail Address