UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

----------------------------------------------------------------X
ERIK KELLGREN, Individually and on
Behalf of All Other Persons Similarly Situated,       :    Case No.: 13-CV-0644 L (KSC)
                                                      :
                    Plaintiff,                        :
                                                      :    AMENDED COMPLAINT
        -against-                                     :    AND
                                                      :    <u>JURY DEMAND</u>
PETCO ANIMAL SUPPLIES, INC.;                          :
PETCO HOLDINGS, INC.; and DOES 1 to                   :
100, inclusive,                                       :
                                                      :
                    Defendants.                       :
----------------------------------------------------------------X

## INTRODUCTION

Plaintiff Erik Kellgren (hereafter, "Plaintiff"), individually and on behalf of all others similarly situated, files this Amended Collective Action Complaint (the "Complaint") against Defendants Petco Animal Supplies, Inc., Petco Holdings, Inc. and Does 1 to 100 (collectively, "Defendants" or "Petco"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other current and former Assistant Managers and similarly situated current and former employees holding comparable positions but different titles ("Assistants"), employed by Defendants in the United States, who elect to opt into this action pursuant to the FLSA (hereinafter the "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Defendants are subject to personal jurisdiction in the State of California.

4. The claims of the Plaintiff and Collective Action Members involve matters of national and/or interstate interest.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Defendants have their principal place of business in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

7. Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in Illinois.

8. Plaintiff was employed by Defendants from approximately 2007 until October 2010, as an assistant store manager at Defendants' stores located in St. Charles, Aurora, Oswego, and Shorewood, Illinois.

9. At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

///

///

***Defendants:*** *Petco Animal Supplies, Inc. and Petco Holdings, Inc.*

10. Upon information and belief, Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal places of business at 9125 Rehco Road, San Diego, California. According to its website, Petco Animal Supplies, Inc. is a privately held company with more than 1,150 specialty retail stores nationwide, selling pet food, live animals, pet supplies and related goods and services.

11. Upon information and belief, Defendant Petco Holdings, Inc. is a Delaware corporation with its principal place of business at 9125 Rehco Road, San Diego, California.

12. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. were and are doing business in California, including at their retail locations throughout the State of California.

13. At all relevant times, Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

14. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. are each covered employers within the meaning of the FLSA. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have been and continue to be enterprises engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

15. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. employed employees (including Plaintiff and the Collective Action Members) who were engaged in commerce or the production of goods for commerce.

16. Upon information and belief, Defendant Petco Animal Supplies, Inc. and Defendant Petco Holdings, Inc. each had annual gross revenues in excess of $500,000 for all relevant periods herein.

17. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and the Collective Action Members to be subject to the unlawful pay practices described in this Complaint.

18. Defendants issued paychecks to Plaintiff and all similarly situated employees during their employment.

19. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Defendants suffered or permitted from them.

20. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

21. Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

***Defendants:*** *Does 1 to 100, inclusive*

22. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Does 1 to 100, inclusive and for that reason, Does 1 to 100 are sued under such fictitious names.

23. Plaintiff will seek leave of Court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

///

///

4

**FACTUAL ALLEGATIONS**

24. Defendants employed Plaintiff and the Collective Action Members as Assistants.

25. Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiff and the Collective Action Members.

26. Plaintiff's and the Collective Action Members' work as Assistants was performed in the normal course of Defendants' business and was integrated into it.

27. Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA.

28. The number of shifts that Plaintiff and each individual Collective Action Member worked per week can be ascertained from Defendants' records.

29. Defendants have assigned and are aware of all of the work that Plaintiff and the Collective Action Members have performed.

30. The work performed for Defendants by Plaintiff and the Collective Action Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

31. Starting from the three years prior to the date of filing the original Complaint on March 19, 2013 (the "Collective Action Period"), Plaintiff and the Collective Action Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives called planograms, unpacking merchandise, unloading trucks, and caring for pets, including cleaning pet cages.

32. Throughout the Collective Action Period, and continuing to the present, the primary job duties of Plaintiff and the Collective Action Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

33. The primary job duties of Plaintiff and the Collective Action Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and Collective Action Members' working hours.

34. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiff and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA.

35. Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Plaintiff and the Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

36. Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the Collective Action Members worked. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store. Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiff and the Collective Action Members (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

37. Defendants acted willfully and knew, by virtue of the fact that their General Managers and District Managers (as their authorized agents) actually saw Plaintiff and other similarly situated Assistants perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

38. As an experienced and practical retailer operating over 1,150 stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated Assistants were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff and other similarly situated Assistants as non-exempt employees.

39. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

40. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff and the Collective Action Members were and have been performing, and that, as a result, Defendants have been:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA;

    b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and

    c. willfully failing to provide enough money in their store-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt Assistants to perform such non-exempt tasks.

41. Defendants' willful violations of the FLSA are further demonstrated by the fact that throughout the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

42. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute their FLSA claims as a Collective Action on behalf of all persons who are currently or were formerly employed by Defendants as Assistants and individuals holding comparable salaried positions with different titles employed by Defendants within the United States during the Collective Action Period.

44. Defendants are liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and the Collective Action Members.

45. There are many similarly situated current and former Assistants who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

46. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION:
### (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

47. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference paragraphs 1 through 46 as if they were set forth again herein.

48. At all relevant times, Defendants employed Plaintiff, and employed or continues to employ, the Collective Action Members within the meaning of the FLSA.

49. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

50. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

51. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

52. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and the Collective Action Members, for hours worked in excess of 40 hours per workweek.

53. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. As a result of Defendants' willful failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55. As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

56. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge, through their Store Managers and District Managers that the primary duties of Plaintiff and the Collective Action Members was manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiff and the Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements,

57. Upon information and belief, at all relevant times, each Defendant has had gross revenues in excess of $500,000.

58. As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendants their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 25, 2013

By: _____
Kevin T. Barnes
Gregg Lander
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Telephone: (323) 549-9100
Facsimile: (323) 549-0101
www.kbarnes.com

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Rachel Aghassi

KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
www.klafterolsen.com

Marc S. Hepworth
David A. Roth
Charles Gershbaum
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
www.hgrlawyers.com

*Attorneys for Plaintiff and Opt-ins*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, CA 90036-5664, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**AMENDED COMPLAINT AND JURY DEMAND**

on the interested parties in this action, addressed as follows:

| **Attprmeys for Defendants:** | **Attorneys for Plaintiff and Opt-ins:** |
|---|---|
| Claudette C. Wilson, Esq.<br>Meryl C. Maneker, Esq.<br>WILSON TURNER KOSMO LLP<br>550 West C Street, Suite 1050<br>San Diego, CA 92101<br>Tel.: (619) 236-9600 / Fax: (619) 236-9669<br>Email: CWilson@wilsonturnerkosmo.com | Seth R. Lesser*<br>  Seth@klafterolsen.com<br>Fran L. Rudich*<br>  Fran@klafterolsen.com<br>Rachel Aghassi*<br>  Rachel.Aghassi@klafterolsen.com<br>Michael J. Palitz*<br>  MPalitz@klafterolsen.com<br>KLAFTER OLSEN & LESSER LLP<br>Two International Drive, Suite 350<br>Rye Brook, New York 10573<br>Telephone: (914) 934-9200<br>Facsimile: (914) 934-9220<br><br>Marc S. Hepworth**<br>  MHepworth@hgrlawyers.com<br>David A. Roth*<br>  DRoth@rothandrothlaw.com<br>Charles Gershbaum**<br>  CGershbaum@hgrlawyers.com<br>Mathew Parker**<br>  MParker@hgrlawyers.com<br>HEPWORTH GERSHBAUM & ROTH, PLLC<br>192 Lexington Avenue, Suite 802<br>New York, NY 10016<br>Telephone: (212) 545-1199<br>Facsimile: (212) 532-3801<br><br>* admitted *pro hac vice*<br>** to apply for admission *pro hac vice* |

using the following service method(s):

**X    VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2013, at Los Angeles, California.

*/s/ Cindy Rivas*
Cindy Rivas

- 1 -
**PROOF OF SERVICE**