Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com
(Additional attorneys on signature page)

Attorneys for Plaintiff ERIK KELLGREN, individually
and on behalf of all other persons similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KELLGREN, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: 13-cv-0644 L (KSC) <br> Honorable M. James Lorenz <br> Courtroom 5B <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; DECLARATION OF KEVIN T. BARNES** <br><br> **Motion to Dismiss Hearing** <br><br> **[No Oral Argument Pursuant to Court Order]** <br><br> Action filed: March 19, 2013 <br> Trial Date:    Not Set |

///

///

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION AND PROCEDURAL HISTORY ................................. 1

II.  DISMISSAL IS NOT PROPER BECAUSE PLAINTIFF HAS
     STATED A PLAUSIBLE WILLFULNESS CLAIM ................................. 8

III. DISMISSAL IS NOT PROPER UNDER RULE 12(b)(6) ........................... 9

     A.   Motions to Dismiss FLSA Claims Are Generally Denied ................. 9

     B.   When Taken as a Whole, Plaintiff's Allegations of Willfulness
          Meet the *Iqbal/Twombly* Plausibility Standard ................................ 10

     C.   Willfulness under the FLSA Is to Be Determined by the
          Trier of Fact on a Full Evidentiary Record ........................................ 16

     D.   The Cases on Which Defendants Rely Are Inapposite ..................... 17

IV.  CONCLUSION ............................................................................... 18

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## TABLE OF AUTHORITIES

## CASES

Page

*Akin-Taylor v. Kaiser Found. Health Plan, Inc.,* 2013 U.S. Dist. LEXIS 116571 (N.D. Cal. Aug. 16, 2013)......................................................................8

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1957) ...............................15

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)......................................................*passim*

*Barfield v. Petco Animal Supplies Stores, Inc.,* 05-cv-1664-GSK-JGG (M.D. Fla.) ...........................................................................................................2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)....................................*passim*

*Burroughs v. MGC Servs.,* 2009 U.S. Dist. LEXIS 29700 (W.D. Pa. Apr. 7, 2009) ................................................................................ 16, 17

*Ceja-Corona v. CVS Pharm., Inc.,* 2013 U.S. Dist. LEXIS 2915 (E.D. Cal. Mar. 1, 2013) ...............................................................................8

*Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908 (9th Cir. 2003) ..................... 13, 14

*Chao v. Self Pride, Inc.,* 232 Fed. Appx. 280 (4th Cir. Md. 2007) ........................15

*Cook v. Carestar, Inc.,* 2013 U.S. Dist. LEXIS 131956 (S.D. Ohio Sept. 16, 2013)..............................................................................14, 15

*Cousins v. Lockyer,* 568 F.3d 1063 (9th Cir. 2009)........................................... 8, 10

*Dusan-Speck v. St. Charles Health Sys.,* 2013 U.S. Dist. LEXIS 113792 (D. Or. Aug. 9, 2013) ..............................................................................16

*Elwell v. Univ. Hosps. Home Care Servs.,* 276 F.3d 832 (6th Cir. 2002) ....... 15, 16

*Gonzalez v. Bustleton Servs.,* 2010 U.S. Dist. LEXIS 23158 (E.D. Pa. Mar. 5, 2010) ................................................................................17

*Goodman v. Port Auth. of N.Y. & N.J.,* 850 F. Supp. 2d 363 (S.D.N.Y. 2012) ...........................................................................................17

*Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993)................................................16

*Hellenberg v. Integrated Deicing Servs., LLC,* 2011 U.S. Dist. LEXIS 9478 (E.D. Mich. Feb. 1, 2011) ...................................................................... 9, 10

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Herman v. Palo Group Foster Home, Inc.,* 183 F.3d 468 (6th Cir.1999) ........ 14, 15

*Hoffman v. Cemex, Inc.,* 2009 U.S. Dist. LEXIS 114130
(S.D. Tex. Dec. 8, 2009) ...........................................................................11

*Hurd v. NDL, Inc.,* 2012 U.S. Dist. LEXIS 26147 (D. Md. Feb. 27, 2012) ...........18

*Kelly v. Bank of Am.,* 2011 U.S. Dist. LEXIS 111952
(N.D. Ill. Aug. 30, 2011) ...........................................................................14

*Lazaro v. Lomarey Inc.,* 2012 U.S. Dist. LEXIS 21605
(N.D. Cal. Feb. 21, 2012) ...........................................................................12

*Litras v. PVM Int'l Corp.,* 2013 U.S. Dist. LEXIS 116236
(E.D.N.Y. Aug. 15, 2013) ...........................................................................11

*M.G. v. Metro. Interpreters & Translators, Inc.,* 2013 U.S. Dist. LEXIS 112064
(S.D. Cal. Aug. 8, 2013) ...........................................................................7

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988) ...........................................2

*McLean v. Garage Mgmt. Co. LLC,* 2012 U.S. Dist. LEXIS 55425
(E.D.N.Y. Apr. 19, 2012) ...........................................................................14, 17

*Molina v. Dollar Tree Stores, Inc.,* 2013 U.S. Dist. LEXIS 138642
(C.D. Cal. Aug. 9, 2013) ...........................................................................13

*Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233 (11th Cir. 2008) ...............7, 13

*Morgovsky v. Adbrite, Inc.,* 2012 U.S. Dist. LEXIS 62951
(N.D. Cal. May 2, 2012) ...........................................................................18

*Mumby v. Pure Energy Servs. (USA), Inc.,* 636 F.3d 1266
(10th Cir. Wyo. 2011) ...........................................................................15

*Nicholson v. UTi Worldwide, Inc.,* 2010 U.S. Dist. LEXIS 138468
(S.D. Ill. Feb. 12, 2010) ...........................................................................9, 10

*Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 U.S. Dist. LEXIS 100696
(W.D. Mo. Sept. 7, 2011) ...........................................................................15, 16

*Rahman v. Shiv Darshan, Inc.,* 2013 U.S. Dist. LEXIS 24750
(S.D.N.Y. Feb. 22, 2013) ...........................................................................11

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- iv -

*Rodriguez v. Petco Animal Supplies Stores, Inc.,* 06-cv-60094 (Santa Clara Sup.
  Court)......................................................................................................2, 3

*Rummel v. Highmark, Inc.,* 2013 U.S. Dist. LEXIS 162757
(W.D. Pa. Nov. 15, 2013) ...................................................... 11, 12, 15, 16

*Saxton v. Young*, 479 F. Supp. 2d 1243 (N.D. Ala. 2007).......................................17

*Schlinsky v. Action Video Prods., Inc.,* 2010 U.S. Dist. LEXIS 2430
(S.D. Fla. Jan. 13, 2010) ...............................................................................9

*Sealey v. Emcare, Inc.,* 2013 U.S. Dist. LEXIS 55369
(S.D. Tex. Jan. 14, 2013) .............................................................................14

*Sec. of Labor v. Labbe*, 319 Fed. App'x 761 (11th Cir. 2008) ...............................9

*Sliger v. Prospect Mortg., LLC,* 789 F. Supp. 2d 1212 (E.D. Cal. 2011) ....... 11, 12

*Stevens v. HMSHost Corp.,* 2012 U.S. Dist. LEXIS 146150
(E.D.N.Y. Oct. 10, 2012) ..............................................................................17

*Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 11, 2009) ........7

*Sturm V. CB Transport, Inc.*, 2012 U.S. Dist. LEXIS 90259
(D. Idaho June 28, 2012)...............................................................................18

*Winfield v. Citibank, N.A.,* 843 F. Supp. 2d 397 (S.D.N.Y. 2012) ........................13

*Zhengfang Liang v. Café Spice SB, Inc.,* 911 F. Supp. 2d 18 (E.D.N.Y. 2012)......16

**FEDERAL STATUTES, RULES, AND REGULATIONS**

29 U.S.C. § 215(a) .....................................................................................5

29 U.S.C. § 216(b) ........................................................................... *passim*

29 U.S.C. § 255(a) ..................................................................................2, 5

29 U.S.C. § 256(b) ...................................................................................17

29 U.S.C. § 301 ..........................................................................................1

29 U.S.C. § 201 ..........................................................................................5

29 U.S.C. § 211(c) ......................................................................................5

Fed. R. Civ. P. 12(b)(6)...........................................................................8, 9

29 C.F.R. § 578.3(c)(3).............................................................................16

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

# I.

2

## INTRODUCTION AND PROCEDURAL HISTORY

3

Even though the Court refused to dismiss Plaintiff's substantive merits

4

allegations in the original complaint, Defendants PETCO ANIMAL SUPPLIES,

5

INC. and PETCO HOLDINGS, INC. (collectively "Defendants" or "Petco")

6

again challenge the sufficiency of the detailed statements in the First Amended

7

Complaint ("FAC") (Dkt. No. 20) – this time solely challenging the sufficiency

8

of the FAC's pleading that Defendants acted "willfully" in misclassifying

9

Plaintiff and similarly situated exempt assistant managers ("AMs") from the

10

overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 301, *et seq.*

11

("FLSA").

12

Plaintiff filed his original complaint on March 19, 2013. Defendants moved

13

to dismiss, arguing that the claims asserted failed the "plausibility" pleading

14

standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

15

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

16

In his September 13, 2013 Order Granting in Part and Denying in Part

17

Defendants' Motion to Dismiss with Leave to Amend (Dkt. No. 18), Judge

18

Whelan held that Plaintiff "has stated sufficient facts to constitute a cause of

19

action under the FLSA against Petco." *Id*. at 4.  As is now relevant, however,

20

Judge Whelan ruled that the allegations of "willfulness" (i.e., knowing or reckless

21

conduct) were insufficient and granted leave to amend those claims.  *Id.* at 6.  On

22

September 25, 2013, Plaintiff filed his FAC, which contains extensive factual

23

allegations of Defendants' willfulness when misclassifying AMs under the

24

FLSA.

25

Defendants' decision to classify AMs as exempt is a core matter in this

26

case, along with the concomitant questions of whether that classification decision

27

was knowingly or recklessly improper and whether Defendants had a good faith

28

basis for this classification. These two questions are critical in an FLSA case

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

because the former determines the statute of limitations for the claims and the latter determines whether Defendants are liable for statutory liquidated damages. 29 U.S.C. § 216(b); 29 U.S.C. § 255(a); *see also McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 (1988).  This determination is particularly important here because, were the willfulness allegations dismissed, the case will be dismissed in its entirety inasmuch as it was filed more than two years after the time Plaintiff was last employed by Defendants as an AM.[1]

The original allegations of willfulness that Judge Whelan found insufficient consisted, in their entirety, of the following paragraphs:

33.   Defendant did not perform a person-by-person analysis of every assistant manager and assistant store manager's job duties when making the decision to classify all of them (and other employees holding comparable positions, but different titles) as exempt from the FLSA's overtime protections.

34.   As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the Collective.  This pattern or practice includes, but is not limited to:

a.  willfully misclassifying Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA;
b.  willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week.

35.   Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

36.   Defendants' failure to pay overtime wages for work performed by

---

[1] Plaintiff Kellgren was last employed by Defendants more than two years but less than three years prior to the filing of this action.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 2 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

the Collective Action Members in excess of 40 hours per week was willful.

37.    Defendants' unlawful conduct has been widespread, repeated and consistent.

38.    Upon information and belief, throughout all relevant time periods while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records.

Dkt. No. 1.

Taking into consideration Judge Whelan's ruling, Plaintiff filed his FAC, containing more detailed allegations describing how Defendants willfully (which means recklessly under the FLSA) classified AMs as exempt:

35.    Upon information and belief, Petco did not perform a person-by-person analysis of the job duties of Assistants when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

36.    Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated Assistants worked. Defendants did not provide sufficient money in the labor budgets to cover all the wages necessary to have non-exempt employees complete all of the non-exempt tasks in each store.  Defendants knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiff and other similarly situated Assistants (who were not paid overtime) to primarily perform manual and non-exempt duties without receiving any overtime compensation for doing these activities over 40 hours a workweek, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

37.    Defendants acted willfully and knew, by virtue of the fact that their General Managers and District Managers (as their authorized agents) actually saw Plaintiff and other similarly situated Assistants perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

38.     As an experienced and practical retailer operating over 1,150 stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated Assistants were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff and other similarly situated Assistants as non-exempt employees.

39.     Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

40.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff and the Collective Action Members were and have been performing, and that, as a result, Defendants have been:

   a.     willfully misclassifying Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA;
   b.     willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and
   c.     willfully failing to provide enough money in their store-level labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their exempt Assistants to perform such non-exempt tasks.

41.     Defendants' willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@KBarnes.com

sufficient time records for Plaintiff and the Collective Action Members. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

42. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

Dkt. No. 20.

The FAC went on further to explain Plaintiff's FLSA willfulness claims by alleging that:

54. As a result of Defendants' willful failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

55. As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their stores, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

56. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge, through their Store Managers and District Managers that the primary duties of Plaintiff and the Collective Action Members was manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiff and the Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

Dkt. No. 20.

In addition to this comprehensive description of Defendants' willful violation of the FLSA, Defendants have twice been sued for misclassification of this exact same position (AMs). Therefore, Defendants have been on notice of the alleged improper classification of the very group of employees at issue here (AMs) for some time (see pp. 14-15, *infra*).[2]

Though Defendants have reflexively filed another *Iqbal/Twombly* motion regarding the present willfulness allegations, the detailed statements in the FAC clearly and plausibly plead willfulness. While there is some necessary overlap with the previous allegations, the FAC contains new factual assertions that do not merely parrot the law itself nor are they merely conclusory. Instead, they are the very type of factual assertions of willfulness that support a liability finding here.

Implicit in Defendants' motion is the misplaced argument that such facts are not true. However, these allegations, which are plausible on their face, must be accepted as true for the purpose of this motion. *See infra* at pp. 8-9. In fact, with similarly pled allegations of willfulness (together with the additional, internal corporate discovery that would attend the litigation), retail chain store

---

[2] See *Barfield v. Petco Animal Supplies Stores, Inc.*, 05-cv-1664-GSK-JGG (M.D. Fla.) and Petco 10-Q filed with the S.E.C. for the period ended August 2, 2003, *available at* http://www.sec.gov/Archives/edgar/data/888455/000104746903030775/a2117988z 10-q.htm (last visited Nov. 25, 2013) (discussing a misclassification case in California involving store and assistant store managers that settled in 2003). In addition, Petco's classification of its salaried General Managers who were employed from March 2, 2003 through 2008 has been challenged in *Rodriguez v. Petco Animal Supplies Stores, Inc.*, 06-cv-60094 (Santa Clara Sup. Court). Petco settled that case for up to $5 million. See Settlement Notice, attached hereto as Exhibit B to the Declaration of Kevin T. Barnes.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**- 6 -**

misclassification cases such as this have in recent years been fully litigated and tried, resulting in plaintiff verdicts against major chain retailers which included findings of "willfulness." *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280-1281 (11th Cir. 2008) (finding that there was sufficient legal evidence to support the jury's finding of defendant's willful FLSA violations, including the fact that the defendant never studied whether the store managers were exempt executives; a company-wide policy that all store managers were exempt from overtime; that defendant knew the store managers spent most of their time performing manual, non-managerial, tasks; corporate manuals micro-managing store managers' performance of those tasks; and that store managers had little discretion or freedom from supervision); *Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247, at *43-52 (D.N.J. May 11, 2009) (finding as sufficient evidence to support jury verdict as to willfulness, such points as that upper management was aware that plaintiffs were doing non-managerial work and of employee complaints, which put the defendant on notice of the violation). Indeed, far from being implausible that willfulness can be proven here, the extent to which employers attempt to save expenses by not paying overtime through misclassification is a rampant issue. In New York alone, the state Department of Labor recently found over 20,200 instances of employee misclassification in just a two year period. New York State Department of Labor, Annual Report of the Joint Enforcement Task Force on Employee Misclassification, at 1 (N.Y.S. Dep't of Labor, Feb. 1, 2013) (copy annexed as Exhibit A attached hereto the Declaration of Kevin T. Barnes).

Plaintiff therefore respectfully requests the Court deny Defendants' motion in its entirety.

## II.
## DISMISSAL IS NOT PROPER BECAUSE PLAINTIFF HAS STATED A PLAUSIBLE WILLFULNESS CLAIM

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) only in "extraordinary"

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 7 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

cases. *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 U.S. Dist. LEXIS 112064, at *11 (S.D. Cal. Aug. 8, 2013). Pursuant to Rule 12(b)(6), a claim may be dismissed only because of a plaintiff's "failure to state a claim upon which relief can be granted." "Generally, a plaintiff's burden at the pleading stage is relatively light." *Akin-Taylor v. Kaiser Found. Health Plan, Inc.,* 2013 U.S. Dist. LEXIS 116571, at *8 (N.D. Cal. Aug. 16, 2013).

Here, Defendants are making an *Iqbal/Twombly* "plausibility" challenge. Courts employ a two-step analysis in analyzing the sufficiency of a complaint under *Iqbal/Twombly.* First, the court should separate the factual and legal elements of the claim, accepting the facts and disregarding the legal conclusions. *Iqbal,* 129 S. Ct. at 1949. Second, the court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a plausible claim for relief." *Id.* at 1950. While a complaint "need not contain detailed factual allegations, it must plead enough facts to state a claim of relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (quoting *Twombly*). "Plausibility can be met even if a judge disbelieves a complaint's factual allegations." *Ceja-Corona v. CVS Pharm., Inc.*, 2013 U.S. Dist. LEXIS 29153, at *3 (E.D. Cal. Mar. 1, 2013). As Judge Whelan stated:

> [T]he allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Dkt. No. 18 at 3.

Further, in determining whether a claim is plausible, courts must apply the traditional principles that favor non-movants, *i.e.*, accepting all well-pleaded factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. *Iqbal,* 129 S. Ct. at 1949–50. So long as the facts

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 8 -

alleged are plausible, they need only be enough to raise a right to relief above the speculative level ("even if doubtful in fact"). *Twombly*, 550 U.S. at 571. This is why a claim has "plausibility" when it contains enough facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 1949.  Neither *Twombly* nor *Iqbal* thus require the level of scrutiny Defendants ask the Court to apply here – namely, something akin to evidentiary proof of the claim.  The FAC here more than sufficiently alleges facts that meet this plausibility standard.

### III.
### DISMISSAL IS NOT PROPER UNDER RULE 12(b)(6)
#### A.    Motions to Dismiss FLSA Claims Are Generally Denied

Motions to dismiss FLSA claims, which typically include allegations of willfulness, are generally denied. This is because "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Schlinsky v. Action Video Prods.*, 2010 U.S. Dist. LEXIS 2430, at *4 (S.D. Fla. Jan. 13, 2010) (*citing Sec. of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008)); *see also, e.g., Nicholson v. UTi Worldwide, Inc.,* 2010 U.S. Dist. LEXIS 138468, at *2-4 (S.D. Ill. Feb. 12, 2010) (finding that while the civil rights claim at issue in *Iqbal* may require a fuller set of factual allegations to render them plausible, simple claims, like the FLSA, do not); *Hellenberg v. Integrated Deicing Servs.*, *LLC*, 2011 U.S. Dist. LEXIS 9478, at *6 (E.D. Mich. Feb. 1, 2011) ("Contrary to Defendant's assertion, Federal courts in the aftermath of *Twombly* and *Iqbal* have held that extensive pleading is not required in the context of an FLSA claim."). That is why the level of detailed pleading Defendants claim is necessary is not required in this Circuit or elsewhere.  *See Cousins*, 568 F.3d at 1067 (a complaint "need not contain detailed factual allegations"); *Nicholson,* 2010 U.S. Dist. LEXIS 138468, at *7 ("a complaint

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 9 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim.  It need only allege facts sufficient to state elements of the claim.").  This is especially true in the FLSA context where the corporate knowledge (*e.g.*, the specifics of decision making as to classification at the top of a human resource or legal department) is hardly ever known to store-level employees, and invariably solely in the possession of the defendant.

## B.     When Taken as a Whole, Plaintiff's Allegations of Willfulness Meet the *Iqbal/Twombly* Plausibility Standard

Defendants' position is that the FAC's willfulness allegations are either "too conclusory" or (legally) do not show reckless disregard by Defendants, or, because they were included in the original complaint, were deemed forever insufficient. *See* Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss First Amended Complaint ("Def. Mem.") at 1. As a reading of both the FAC and Judge Whelan's decision confirms, Defendants are mistaken. In addressing the allegations of willfulness in the original complaint, Judge Whelan simply found them "insufficient" standing alone, without additional allegations, and granted leave to amend. Dkt. No. 18 at 6. The FAC now includes additional allegations, which, while expanding on the original pleadings, adequately charge willfulness. It is therefore misleading for Defendants to characterize the new claims, taken as a whole, as having been "implicitly held insufficient" by the Court. (Def. Mem. at 7).

In arguing that it is not plausible that Defendants acted at least recklessly in classifying Plaintiff and the Collective Action Members as exempt from FLSA overtime requirements, Defendants are seeking to engraft a "probability requirement" onto the pleading standard – a requirement that both *Twombly* and *Iqbal* explicitly rejected.  *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  Indeed, Defendants' argument boils down to its contention that it is improbable to believe that Defendants failed to comply with the law.  *See e.g.,*

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1   Def. Mem. at 12.

2        Courts routinely uphold FLSA willfulness pleadings. *See, e.g., Sliger v.*

3   *Prospect Mortg., LLC,* 789 F. Supp. 2d 1212, 1219-20 (E.D. Cal. 2011) (denying

4   defendant's motion to dismiss allegations proposing a three-year statute of

5   limitations); *Litras v. PVM Int'l Corp.*, 2013 U.S. Dist. LEXIS 116236, at *18

6   (E.D.N.Y. Aug. 15, 2013) ("plaintiff's general averment of willfulness satisfies

7   the requirements of pleading a willful violation of the FLSA, so as to invoke the

8   three-year statute of limitations."); *Rahman v. Shiv Darshan, Inc.*, 2013 U.S.

9   Dist. LEXIS 24750, at *9-10 (S.D.N.Y. Feb. 22, 2013) (denying a motion to

10  dismiss the FLSA claim as time barred based on a two-year statute of limitation

11  for an inadequate willfulness pleading); *Hoffman v. Cemex, Inc.,* 2009 U.S. Dist.

12  LEXIS 114130, at *11-12 (S.D. Tex. Dec. 8, 2009) (denying *Iqbal* challenge

13  where plaintiff alleged that employer failed to pay time and a half overtime).

14  Within the last month, for instance, in *Rummel v. Highmark, Inc*., 2013 U.S. Dist.

15  LEXIS 162757, at *22-25 (W.D. Pa. Nov. 15, 2013), the court rejected similar

16  arguments as those advanced by Petco here.  There, the defendant employer

17  argued that (1) the plaintiff's complaint was devoid of factual allegations to

18  support a finding of willfulness and (2) the plaintiff did not allege that she

19  complained to the defendant about her misclassification, but the court held that

20  the "issue of willfulness…may not be resolved at this early stage of litigation"

21  and found that the allegations made out a claim for willfulness.

22        As discussed immediately below (pp. 12-16), while Defendants try to take

23  the allegations in paragraphs 35 to 42 of the complaint apart piece-by-piece, as

24  though each of them individually might prove insufficient, it overlooks the most

25  important point: cumulatively, they present well-pled and plausible allegations of

26  willfulness, indeed, it alleges the very kind of evidence to which courts look in

27  finding willfully FLSA-violative behavior.

28        First, Defendants devote a substantial portion of their argument asserting

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 11 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

that Plaintiffs' labor budget allegations (namely that Defendants underfunded their stores knowing that this would require Plaintiff and Collective Action Members to fill in for non-exempt labor gaps throughout the store) are insufficient. But it certainly is a plausible factual assertion, particularly given that, as alleged, Petco is a savvy, nationwide retailer.[3] *See Lazaro v. Lomarey Inc.*, 2012 U.S. Dist. LEXIS 21605, at *29 (N.D. Cal. Feb. 21, 2012) (finding an employer's FLSA violation willful based, in part, on the employer's "background and experience."). Far from having "no basis on which to assume that less funds available to pay non-exempt employees would result in more [non-managerial] work being performed by assistant managers" (Def. Mem. at 13), the fact that employers "starve" units of funds that would pay to have work completed by others, causing plaintiff workers to work longer hours without overtime (either because of misclassification or because the work has to be done "off the clock" or through quotas) is routinely a basis for upholding, and proceeding with, FLSA claims. *See*, *e.g., Sliger*, 789 F. Supp. 2d at 1219-20 (denying defendant's motion to dismiss allegations premised on a three-year statute of limitations where plaintiffs alleged, among other things, that the defendant knew that the work performed by plaintiffs required minimum wage and overtime pay and that defendant instructed them to work long hours without proper pay); *Rummel*, 2013 U.S. Dist. LEXIS 162757, at *24 (upholding a willfulness allegation where the complaint alleged that the defendant "acted willfully and with reckless disregard" by "knowingly requiring the performance of duties which could not reasonably be completed during a forty hour work week."); *Winfield v. Citibank, N.A.,* 843 F. Supp. 2d 397, at *23-24 (S.D.N.Y. 2012) (Section 216(b) certification proper, among other reasons, because strict hourly quotas required plaintiffs to work

---

[3] In this case, far from being "entirely conclusory" (Def. Mem. at 12), Plaintiff Kellgren experienced first-hand that labor budget restrictions caused him to perform primarily non-managerial work.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1   more than the time allocated). It is a hallmark of an overtime misclassification

2   scheme where a business model requires exempt salaried employees to work over

3   40 hours per week, while labor budgets limit the time spent by non-exempt

4   hourly employees, as is shown by the country's leading FLSA retail classification

5   decision, where such evidence upheld the plaintiffs' collective action jury

6   verdict. *See Morgan*, 551 F.3d at 1251-56 (detailing trial evidence concerning

7   labor budget constraints); *see also Molina v. Dollar Tree Stores, Inc.*, 2013 U.S.

8   Dist. LEXIS 138642 at *6, *21-22 (C.D. Cal. Aug. 9, 2013).

9       Further, the labor budget allegations must be read in context with the other

10   allegations in paragraphs 35-42 of the FAC showing that (a) Petco is a savvy

11   retailer experienced in these matters and thus should have known its obligations

12   under the FLSA; (b) its representatives (supervisors) were aware of the daily

13   duties of the Plaintiff and Collective Action Members; (c) no analysis was

14   completed as to the actual job duties of the Plaintiff and Collective Action

15   Members prior to creating a blanket corporate-wide policy that they are exempt

16   from overtime; (d) Petco knowingly failed to maintain accurate time records for

17   Plaintiff and the Collective Action Members; and (e) Petco failed to post or keep

18   posted a notice explaining the minimum wage and overtime wage requirements.

19   The reasonable inference from these non-conclusory allegations is that it is

20   plausible that Defendants acted willfully or recklessly in misclassifying Plaintiff

21   and the Collective Action Members. *See Chao v. A-One Medical Services, Inc*.,

22   346 F.3d 908, 914 (9th Cir. 2003) ("An employer need not knowingly have

23   violated the FLSA; rather, the three-year term can apply where an employer

24   disregarded the very 'possibility' that it was violating the statute….").

25       Second, despite what Defendants also wish to ignore, the FLSA imposes an

26   affirmative duty for an employer to take steps to ensure that it is acting in

27   compliance with the law.  "To establish the requisite subjective good faith, an

28   employer must show that it took active steps to ascertain the dictates of the FLSA

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**- 13 -**

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

and then act to comply with them." *McLean v. Garage Mgmt. Co. LLC,* 2012 U.S. Dist. LEXIS 55425, at *13 (E.D.N.Y. Apr. 19, 2012)*; see also Cook v. Carestar, Inc*., 2013 U.S. Dist. LEXIS 131956, at *50 (S.D. Ohio Sept. 16, 2013) ("cases under the…FLSA have found willfulness most frequently in situations in which the employer deliberately chose to avoid researching the laws' terms or affirmatively evading them.") (citations omitted).   Certainly, the allegations contained in paragraphs 35, 37 and 38 support a reckless claim vis-à-vis the law's due diligence requirements.

Here, the due diligence requirement is particularly heightened because Defendants have previously been sued twice before for misclassification of this exact position (AM), *see supra* p. 6 and n. 2, and therefore, has been on notice of alleged improper classifications of AMs, a point, which alone would support denying Petco's motion.   *See Kelly v. Bank of Am*., 2011 U.S. Dist. LEXIS 111952, at *4 (N.D. Ill. Aug. 30, 2011) (when faced with an *Iqbal* challenge, finding that even an undetailed allegation that defendant had been sued "numerous" times was sufficient to allege willfulness in FLSA misclassification action); *Sealey v. Emcare, Inc.,* 2013 U.S. Dist. LEXIS 5536, at *8-9 (S.D. Tex. Jan. 14, 2013) (defendants' participation in the prior litigation would allow a jury to find that defendants knew that plaintiffs were entitled to overtime but attempted to circumvent the regulations by misclassifying the plaintiffs.); *Cook*, 2013 U.S. Dist. LEXIS 131956, at *49-50 ("an employer's violation was willful where the employer 'had actual notice of the requirements of the FLSA by virtue of earlier violations.'") (quoting *Herman v. Palo Group Foster Home, Inc*., 183 F.3d 468, 474 (6th Cir.1999)); *Mumby v. Pure Energy Servs. (USA), Inc.,* 636 F.3d 1266, 1270 (10th Cir. Wyo. 2011) ("The court's operative inquiry [with respect to willfulness] focuses on the employer's diligence in the face of a

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

statutory obligation, not on the employer's mere knowledge of relevant law.").[4]

Fourth, it is legally irrelevant that Plaintiff himself did not allege that he complained about being misclassified as exempt, or otherwise put Defendants on notice, despite Defendants' insinuation that "plaintiff's failure to give an employer actual notice of their claim to overtime pay negates a finding of willfulness." Def. Mem. at 11. It is not an FLSA plaintiff's burden to assist his employer in assuring that he is properly classified, nor does he have a duty to complain of such misclassification. *See Rummel*, 2013 U.S. Dist. LEXIS 162757, at *22-25 (upholding a willfulness allegations where plaintiff did not allege that she complained about her misclassification). Importantly, though, other AMs not only complained but they have previously sued Defendants for such misclassification.

Fifth, and finally, far from being "irrelevant to the willfulness analysis" (Def. Mem. at 13-14), Defendants' failure to maintain accurate time records directly bears on its willfulness and further supports the willfulness allegations.[5] *See Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 100696, at *12 (W.D. Mo. Sept. 7, 2011) ("an employer's violations of FLSA's recordkeeping requirements also serve as corroboration of the employer's willfulness in failing to compensate for overtime") (citing *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002)); *Rummel,* 2013 U.S. Dist. LEXIS 162757, at *24-25 (finding that an allegation of failure to maintain

---

[4] Although the existence of prior lawsuits was not pled in the FAC, it is undeniable and could, along with any other detail that the Court might believe is requisite, be re-pled to be addressed; Plaintiff, accordingly, would so request leave to amend.

[5] The FLSA requires that an employer maintain all payroll records relevant to a plaintiff, and that without such records, a plaintiff need only show damages as a matter of "just and reasonable inference," after which the burden shifts to the defendant to show that those damages were not suffered. *Chao v. Self Pride, Inc.*, 232 Fed. Appx. 280, 285 (4th Cir. 2007) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1957)).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

accurate time records is sufficient to support a "willfulness" claim). Compounding the fact that Petco failed to keep time records, is the fact it also failed "to post or keep posted a notice explaining the minimum wage and overtime wage requirements" is a factual contention evidencing a willfulness allegation and not "wholly unrelated to, and disconnected from" Plaintiff's willfulness allegations. *See generally Zhengfang Liang v. Café Spice SB, Inc.,* 911 F. Supp. 2d 184, 200 (E.D.N.Y. 2012).

In short, while Defendants fence with the FAC to contend that its willfulness allegations are not sufficient, they are all important and represent material allegations respecting matters that uphold FLSA claims.

## C.   Willfulness under the FLSA Is to Be Determined by the Trier of Fact on a Full Evidentiary Record

There is another consideration that must be noted here. Almost uniquely, the FLSA's statute of limitations is determined by whether an employer acted willfully. If the company acted willfully, the statute of limitations for the claim is three years, otherwise it is two years.  29 C.F.R. § 578.3(c)(3); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993).  For pleading purposes, the allegations of willfulness are not stringent, inasmuch as the merits of claims, including willfulness, are not determined until after the litigation of a collective action notice motion under 29 U.S.C. § 216(b). It is for this reason that courts generally leave the question of willfulness, including the sufficiency of its pleading in a complaint, to the trier of fact. *See, e.g., Dusan-Speck v. St. Charles Health Sys.,* 2013 U.S. Dist. LEXIS 113792, at *7 (D. Or. Aug. 9, 2013); *Burroughs v. MGC Servs.*, 2009 U.S. Dist. LEXIS 29700, at *17-18 (W.D. Pa. Apr. 7, 2009) (ruling that willfulness was an issue for summary judgment adjudication, not for determination of sufficiency at pleading stage); *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Whether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1    appropriately resolved on a motion to dismiss.").

2          In addition, and no less importantly, not only is the statute of limitations

3    determined by Defendants' state of mind but the inquiry into the sufficiency of

4    the pleading of willfulness is also delayed until after the motion for notice

5    (motion for conditional certification) because the statute of limitations continues

6    to run until an individual files a consent to join the case following such a notice.

7    29 U.S.C. § 256(b). Accordingly, courts should avoid allowing the claims' of the

8    collective action members to run.  *See Stevens v. HMSHost Corp.,* 2012 U.S.

9    Dist. LEXIS 146150 (E.D.N.Y. Oct. 10, 2012) ("At the conditional certification

10   stage, prior to discovery on the issue of willfulness, courts ordinarily refuse to

11   determine willfulness and authorize notice to cover the past three years.").

12         **D.      The Cases on Which Defendants Rely Are Inapposite**

13         The cases upon which Defendants primarily rely are either (1) inapposite

14   because they did not address sufficiency of pleading but rather sufficiency of

15   proof following discovery,[6] or (2) support of the sufficiency of the pleadings here

16   because, by comparison, they were conclusory and bereft of the multiple

17   paragraphs of willfulness pled in the FAC.

18         Thus, in *Morgovsky v. Adbrite, Inc.,* 2012 U.S. Dist. LEXIS 62951, at *17-

19   18 (N.D. Cal. May 2, 2012), the complaint contained only conclusory allegations

20   and failed to provide any basis for showing that the defendants knew the FLSA

---

22   [6] For example, in *Saxton v. Young*, 479 F. Supp. 2d 1243 (N.D. Ala. 2007), the

23   court granted summary judgment on the issue of willfulness because the evidence

24   adduced in discovery showed that defendants were proactive about enforcing the

      overtime policy and actively subjected employees and supervisors to discipline if

25   the policy was not followed. Similarly in *McLean,* 2012 U.S. Dist. LEXIS 55425,

      the case was in the summary judgment phase after discovery was complete

26   (meaning, implicitly, that the willfulness allegations in the complaint were

      satisfactory). The same is true for *Gonzalez v. Bustleton Servs.*, 2010 U.S. Dist.

27   LEXIS 23158 (E.D. Pa. Mar. 5, 2010), where the court found no liability for

      willfulness after discovery was complete.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

applied to the plaintiff. *Id.* at *17-18 (the only allegations were that "Defendants were fully aware of all aspects of the FLSA…and thus Defendants knowingly and willfully caused and permitted Plaintiff . . . to regularly work in excess of forty hours per week without paying [her] one and one half of [her] regular rate of pay" and that "Defendants intentionally and/or with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff"). Similarly, in *Sturm v. CB Transport, Inc.*, 2012 U.S. Dist. LEXIS 90259, at *9 (D. Idaho June 28, 2012), there were no supporting facts as to the conclusory allegation that the defendant's actions were "repeated, willful and intentional." Finally, in *Hurd v. NDL, Inc.*, 2012 U.S. Dist. LEXIS 26147, at *18 (D. Md. Feb. 27, 2012), the plaintiff had only asserted "without support, that they 'knew, or had reason to know' of their alleged FLSA violations."  The detailed willfulness allegations in this case cannot be compared to the barebones allegations in these decisions.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion and order Defendants to answer Plaintiff's First Amended Complaint within fourteen (14) days.

Dated: December 5, 2013          LAW OFFICES OF KEVIN T. BARNES


By:   */s/ Kevin T. Barnes*
Gregg Lander, Esq.
Kevin T. Barnes, Esq.
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Telephone: (323) 549-9100
Facsimile: (323) 549-0101
www.kbarnes.com

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Rachel Aghassi

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
www.klafterolsen.com

Marc S. Hepworth
David A. Roth
Charles Gershbaum
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
www.hgrlawyers.com

*Attorneys for Plaintiff and Opt-in*

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 19 -

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**