UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIK KELLGREN, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) | Case No. 13cv644-L (KSC) |
| | ) | **ORDER DENYING** |
| Plaintiffs, | ) ) | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST** |
| v. | ) ) | **AMENDED COMPLAINT [DOC. 21-1.]** |
| PETCO ANIMAL SUPPLIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is Defendants' motion to dismiss Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (*MTD* [Doc. 21-1]; *Reply* [Doc. 27].) Plaintiffs oppose. (*Opp'n* [Doc. 25].) The Court found this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d.1). (*December 2, 2013 Order* [Doc. 24].) For the following reasons, the Court **DENIES** Defendants' motion.

Also pending before the Court is Plaintiff's fully briefed motion for equitable tolling. (*Equitable Tolling Mot.* [Doc. 28-1].). For the following reasons, the Court **GRANTS** Plaintiff's motion.

//

# I.   **BACKGROUND**

According to the Complaint, Plaintiff Erik Kellgren worked for Defendants Petco Animal Supplies, Inc. And Petco Holdings, Inc. ("Petco") from approximately 2007 until October 2010. (*Compl.* ¶ 9.) During this time, Mr. Kellgren worked as an assistant store manager at various locations in Illinois. (*Id.*) The gravamen of Mr. Kellgren's Complaint was that during his and the collective action members' employment at Petco, Petco failed to properly compensate Mr. Kellgren and the collective action members for overtime work they performed. (Compl. ¶¶ 51, 52.) The only cause of action in the Complaint is for violation of the Fair Labor Standards Act ("FLSA"). (*Id*. ¶¶44-58.)

On April 10, 2013, Petco moved to dismiss the Complaint on a number of gounds. (*Previous MTD* [Doc. 3-1].) First, Petco argued that Kellgren's Complaint was subject to a two-year statute of limitations because he had failed to adequately plead a "willful violation" of the FLSA. (*Id*. 6-9.) Therefore, according to Petco, Kellgren's FLSA claim was time-barred since he failed his complaint on March 19, 2013. (*Id.* 8-9.) Second, Petco argued that even if Kellgren's FLSA claim was not time-barred, it was inadequately pled because it was "entirely conclusory and devoid of facts." (*Id.* 9.) Kellgren opposed, arguing that he had pled facts supporting Petco's "willful" violation of the FLSA and that he had sufficiently pled the FLSA claim. (*See generally Previous Opp'n [Doc. 8]*.)

On September 13, 2013, the Court granted in part and denied in part Petco's motion to dismiss. (*September 13, 2013 Order* [Doc. 18].) In that order, the Court found that the original Complaint contained no factual allegations demonstrating that Petco willfully violated the FLSA. (*Id.*  6: 6-17.)  The Court granted Kellgren leave to amend to plead willfulness. (*Id.* 7:1-2.)

On September 25, 2013, Kellgren filed his First Amended Complaint ("FAC"), adding allegations that Defendants: (1) failed to provide labor budget funds and take into account the impact of the underfunded labor budgets on the job duties of Kellgren and the collective action members; (2) failed to allow Kellgren and the collective action

13cv644

1   members to record all hours worked; and (3) failed to post or keep posted a notice

2   regarding the minimum and overtime wages. (*FAC* ¶¶ 36, 38, 41, 55, 56.)

3       On October 11, 2013, Petco moved to dismiss the FAC, arguing that Kellgren's

4   additional allegations are entirely conclusory and fail to establish Petco willfully violated

5   the FLSA. *(See generally MTD.)* On December 5, 2013, Kellgren filed an opposition to

6   the motion to dismiss, alleging that he has stated a plausible willfulness claim. (*See*

7   *generally Opp'n*.) On December 12, 2013, Petco filed a reply in further support of its

8   motion to dismiss. (*See generally Reply*.)

9       On March 28, 2014, Kellgren moved for equitable tolling of the FLSA collective

10  members' claims, arguing that equitable tolling is the only way to protect potential

11  collective members' FLSA rights . . . and the FLSA's remedial purposes." (*Eq. Toll.*

12  *Mot.* 1.)  Petco opposes, arguing, *inter alia*, that Petco has not prevented any of the

13  potential collective members from pursuing their claims.  (*Eq. Toll. Opp'n* [Doc. 29] 7-

14  8.)

15

16  ## II.   LEGAL STANDARD

17      Courts must dismiss a cause of action for failure to state a claim upon which relief

18  can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests

19  the complaint's sufficiency. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A

20  complaint may be dismissed as a matter of law either for lack of a cognizable legal

21  theory or for insufficient facts under a cognizable theory. *Balisteri v. Pacific Police*

22  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept

23  all material allegations of fact as true and construe the complaint in a light most

24  favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir.

25  2007).

26      However, the courts are not "required to accept as true allegations that are merely

27  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

28  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "While a complaint attacked

13cv644

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing *Mack v. S. Bay Beer Districts., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

## III.   DISCUSSION

### A.   Variable Statute of Limitations Under the FLSA

Under the FLSA, claims for unpaid compensation are typically subject to a two-year statute of limitations. 29 U.S.C. § 255(a). The limitations period may be extended to three years for a cause of action "arising out of a willful violation" of the statute. *Id.* To obtain the benefit of the three-year exception, the plaintiff must prove that "the employer's conduct was willful." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135

13cv644

(1988).

"A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (citing *McLaughlin*, 486 U.S. at 133). Mere negligence on the part of the employer will not suffice. *McLaughlin*, 486 U.S. at 133. "If an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is not willful. *Id.* at 135 n. 13.

With regard to the standard for determining whether a violation is willful, The FLSA's implementing regulations further provide:

> (1) An employer's violation of section 6 or section 7 of the Act shall be deemed "willful" for purposes of this section where the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act. All of the facts and circumstances surrounding the violation shall be taken into account in determining whether a violation was willful.
> (2) For purposes of this section, an employer's conduct shall be deemed knowing, among other situations, if the employer received advice from a responsible official of the Wage and Hour Division to the effect that the conduct in question is not lawful.
> (3) For purposes of this section, an employer's conduct shall be deemed to be in reckless disregard of the requirements of the Act, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry.

29 C.F.R. 578.3(c).

## B. Plaintiff Has Adequately Pled Willfulness

Petco argues that the FAC fails to plead willfulness sufficiently because Kellgren has not provided any facts showing that Petco knew, or recklessly disregarded, that assistant store managers were improperly classified as exempt from overtime in violation of the FLSA. The Court disagrees.

Taking into account "all of the facts and circumstances surrounding the violation" alleged by Kellgren, it is clear that he has sufficiently plead willfulness at this stage of the proceedings.  29 C.F.R. 578.3(c)(1). Specifically, Kellgren claims that Petco intentionally underfunded labor budgets, which resulted in him and the collective action

members working overtime and performing non-exempt tasks without receiving

overtime compensation.  (*FAC* ¶¶ 36, 56.)  This alone is sufficient to establish that

Kellgren has adequately plead willfulness.  Moreover, Kellgren alleges that Petco is an

"experienced and practical retailer operating over 1,150 stores throughout the country."

(*FAC* ¶ 38.) Considering the size and complexity of Petco's operation, it is plausible that

Petco knew the underfunded labor budgets would cause assistant store managers to

perform non-exempt tasks and result in its FLSA violation. *See Donovan v. Simmons*

*Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983) (holding that in light of the size and

complexity of its operation, the Employer was generally aware of the law's requirements

and therefore willfully violated the FLSA); *see also Lazaro v. Lomarey Inc.*, No. C-09-

02013 RMW, 2012 WL 566340, at *10 (N.D. Cal. Feb. 21, 2012) (finding willfulness

partly based on the employer's background and experience).  Kellgren also alleges that

his managers saw him and other collective action members perform primarily manual

labor and non-exempt duties, which suggests the Defendants knew or should have

known that he was not properly classified as exempt.  *See* 29 C.F.R. 578.3(c)(3); *see also*

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280-81 (11th Cir. 2008) (finding

Family Dollar's FLSA violations willful partly based on the evidence showing Family

Dollar executives knew that store managers spent most of their time performing manual,

not managerial, tasks).

    In addition, Petco argues that Kellgren's allegation that it "failed to post a notice

explaining the minimum wage and overtime wage requirements is wholly unrelated to,

and disconnected from Kellgren's assertion that assistant store managers were

improperly classified as exempt from overtime in violation of the FLSA."  (*MTD* 13.)

This argument is completely conclusory, as it does not explain why such allegations are

"wholly unrelated to, and disconnected from" Kellgren's willfulness allegations.

Moreover, the Court must consider "[a]ll of the facts and circumstances surrounding" the

alleged violation.  29 C.F.R. 578.3(c)(1).  So, without more, the Court cannot grant

13cv644

Petco's request to find that such allegations are completely irrelevant at this stage of the proceedings.

The Court is also unconvinced by Petco's argument that its failure to maintain accurate time records does not demonstrate willfulness because it is consistent with its good faith decision to classify an employee as exempt from the FLSA's overtime pay requirement. (*MTD* 14.)  The Court finds the argument unconvincing. On the contrary, Petco's alleged violation of FLSA's record keeping requirements may corroborate Kellgren's claim that Petco acted willfully in violation of the FLSA.  *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) (finding an employer's record keeping practices may corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime).

In light of the foregoing, the Court finds that Kellgren's allegations "contain sufficient factual matter, accepted as true, to state a claim [of willfulness] that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

## C. **Kellgren is Entitled to Equitable Tolling**

The statute of limitations for FLSA claims is subject to equitable tolling.  *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir.1981). Although the Ninth Circuit has not articulated a precise standard, there are two general categories that warrant tolling: "(1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period; and (2) where the defendants' misconduct induces failure to meet the deadline." *Adams v. Inter–Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal.2007). The Second Circuit has similarly stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine

13cv644

should apply." *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003).

As an equitable matter, the inquiry should focus on fairness to both parties. *Adams*, 242 F.R.D. at 543. As part of the determination of the possible prejudice to the defendant, the court should ask whether the defendant was aware of the potential scope of liability when the complaint was filed. *Stransky v. HealthONE of Denver, Inc.*, 868 F.Supp.2d 1178, 1181–82 (D.Colo.2012). Of particular relevance here, one court has stated that "the time required for a court to rule on a motion ... for certification of a collective action in an FLSA case[ ] may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Assocs. Events Corp.*, 2011 WL 844963 at *2 (E.D.N.Y.2011).

The potential opt-in plaintiffs could be unfairly prejudiced by the court's delay in resolving Petco's motions to dismiss.  Petco is not unfairly prejudiced because the potential scope of its liability was known when the Complaint was filed.  That is to say, it is reasonable to assume that Petco was well aware of Kellgren's objective to join all "Collective Action Members" that were non-exempt, hourly employees that worked for Petco during the statutory period.  (*See Complaint* [Doc. 1] ¶ 1.)  Petco alone possesses the identity of those persons and their work records (hours, pay, etc.) and it unfair to assume that they could somehow have become aware of this litigation without notification.  The Court thus tolls the statute of limitations, beginning on the day that Petco's first motion to dismiss became fully briefed, May 15, 2013.

The next issue is when the tolling ceases. Kellgren argues that equitable tolling should cease when Petco eventually files its answer.  (*Eq. Toll. Mot.* 7.)  Petco does not address this issue, either because it failed to recognize its significance, or because it believed it would win the instant motion to dismiss.  Therefore, in its discretion, the

13cv644

Court **ORDERS** that the statute of limitations is **TOLLED** from May 15, 2013 until Petco files its answer.

## IV.   <u>CONCLUSION AND ORDER</u>

In light of the foregoing, the Court **DENIES** Defendants' motion to dismiss the First Amended Complaint and **GRANTS** Plaintiff's motion for equitable tolling.

**IT IS SO ORDERED.**

DATED: June 6, 2014

_____

M. James Lorenz

United States District Court Judge

13cv644