FILED
NOV 23 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KELLGREN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.; and DOES 1 to 100, inclusive, ,<br><br>Defendants. | Case No.: 3:13cv644L(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION REGARDING DEFENDANTS PETCO ANIMAL SUPPLIES, INC., AND PETCO HOLDINGS, INC.'S MOTION TO DISMISS CERTAIN OPT-IN PLAINTIFFS FOR FAILURE TO RESPOND TO DISCOVERY AND COMPLY WITH COURT ORDERS**<br><br>[Doc. No. 179] |

Before the Court is a Joint Motion Regarding Petco Animal Supplies, Inc., and Petco Holding, Inc.'s ("Defendants") Motion to Dismiss Certain Opt-In Plaintiffs for Failure to Respond to Discovery and Comply with Court Orders filed by defendants. [Doc. No. 179.] Defendants seek a Court Order that: (1) dismisses with prejudice the Non-Responsive Opt-In plaintiffs for failure to respond to discovery and failure to prosecute their claims; or, in the alternative, (2) compels the Non-Responsive Opt-In plaintiffs to respond to discovery

1

within thirty days of the date of this Order or face dismissal with prejudice. *Id.* at p. 5. Also, counsel for plaintiffs seek leave from the Court to withdraw as counsel for certain Non-Responsive Opt-Ins. *Id.* at p. 18. For the reasons addressed more thoroughly below, the Joint Motion is **GRANTED** in part and **DENIED** in part. [Doc. No. 179.]

## I. BACKGROUND

This is a collective action in which plaintiffs Erik Kellgren ("Kellgren") and others employed as Assistant Managers in defendants' stores claim to have been misclassified as "exempt" from the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.* ("FLSA"). The central issues in the case relate to the duties plaintiffs performed in the course of their employment, and whether they worked over 40 hours a week during the relevant time frame.

## II. DISCUSSION

**a) <u>Defendants' Request To Dismiss With Prejudice The Non-Responsive Plaintiffs For Failure To Respond To Discovery And Failure To Prosecute Their Claims.</u>**

The instant dispute concerns certain provisions in the Scheduling Order issued by this Court on March 29, 2016 [Doc. No. 117] and a subsequent Order issued on August 1, 2016 modifying the March 29, 2016 Scheduling Order. [Doc. No. 168.] Pursuant to the August 1, 2016 Order, defendants could serve limited written discovery on up to 25%, or 118, of the opt-in class of plaintiffs ("Discovery Opt-Ins"). [Doc. No. 168, p. 7; Doc. No. 179, p. 6.]

Defendants assert that after the August 1, 2016 Order was issued, the parties developed a process for selecting the representative group of 118 Discovery Opt-Ins to respond to defendants limited written discovery. [Doc. No. 179, p. 6.] Defendants assert that the parties agreed that the Discovery Opt-Ins would serve written responses to defendants' discovery in four batches, on dates beginning on September 7, 2016 and concluding on October 21, 2016. *Id.* at p. 7. Defendants subsequently agreed to extensions for some of the deadlines. *Id.* As of October 26, 2016, the deadlines for responses passed

for all of the original 118 Discovery Opt-Ins, but the parties had met and conferred only as to the first three batches of Discovery Opt-Ins, consisting of 94 individuals.[1] *Id.* Of the 94 Discovery Opt-Ins, defendants identify a group of eighteen "Non-Responsive Opt-Ins" in their Motion for whom they now seek dismissal, with prejudice.[2] *Id.* at pp. 5, 8.

In the Joint Motion, counsel for the Discovery Opt-Ins, Klafter Olsen & Lesser, LLP ("KOL") and Hepworth, Gershbaum and Roth PLLC ("HGR") (together as "Plaintiffs' Counsel"), seek leave from the Court to withdraw as counsel for certain Non-Responsive Opt-Ins. *Id.* at p. 18. Plaintiffs' counsel asserts that they "are not in a position to respond to [defendants'] motion because of a breakdown in the attorney-client relationship with the Non-Responsive Opt-Ins." *Id.* Plaintiffs' counsel asserts that:

> In light of the cross-motion to withdraw, Plaintiffs (excluding the Non-Responsive Opt-ins) take no position on the propriety of the next steps, including Defendants' position that the Non-Responsive Opt-ins' claims should be dismissed. While such a dismissal order would, in Plaintiffs' counsel's experience, not be unusual, Plaintiffs' counsel believes that, as has most often been done, any such dismissal should be without prejudice.

*Id.* at pp. 20-21.

Plaintiffs further suggest that:

> [W]aiting until all the discovery responses are due, on December 5, 2016, prior to issuance of a final order is a better approach, rather than multiple, piecemeal motions on the same topic. Waiting to address dismissal, will also enable the Court to determine whether other Non-Responsive Opt-[I]ns exist and will allow it to ensure that the final number of discovery opt-ins is consistent with the numbers contained within the Court's August 1, 2016 Order.

---

[1] Defendants note that they have not had an opportunity to analyze the Discovery Opt-Ins responses received after October 21, 2016, and thus the parties have not met and conferred about any deficiencies in those responses. [Doc. No. 179, p. 7.] Defendants further note that they bring this Motion as to all Non-Responsive Discovery Opt-Ins who have been identified and about whom the parties have met and conferred as of October 26, 2016. *Id.* Defendants anticipate that they may have to file a future motion to dismiss if additional individuals fail to timely respond to the discovery at issue. *Id.*

[2] Defendants note that if the Court does not have authority to dismiss the claims outright, they request that the Court issue a Report and Recommendation to the District Judge recommending dismissal of the Non-Responsive Opt-Ins' claims. *Id.* at p. 5.

*Id.* at p. 21.

The defense anticipates filing a future motion to dismiss based on its analysis and meet and confer efforts of the responses received on October 24, 2016 and October 25, 2016, and/or if additional individuals fail timely to respond. *Id.* at p. 7. The defense notes that it filed the instant Motion in accordance with the due date provided in Section V of the Court's Chamber Rules -- Civil Pretrial Procedures. *Id.* As provided therein, "[u]nless otherwise ordered, discovery motions shall be filed no later than 45 days after the event giving rise to the dispute and only after counsel have met and conferred. . . . For written discovery, the event giving rise to the dispute is . . . the passage of a discovery due date without response or production." [Judge Crawford's Civil Chambers Rules, Section V, A, at p. 4.]

Having considered the parties' arguments, the Court **DENIES** defendants' request to dismiss with prejudice the claims of eighteen Non-Responsive Opt-In plaintiffs who have failed to timely respond to Petco's discovery requests. The Court notes that it does not have the authority to dismiss the claims outright, but **DENIES** defendants' request to issue a Report and Recommendation to the District Judge recommending dismissal of the Non-Responsive Opt-Ins' claims at this time.

### b) Defendants' Request To Compel The Non-Responsive Opt-In Plaintiffs To Respond To Discovery Within Thirty Days Of The Date Of This Order Or Face Dismissal With Prejudice.[3]

In the alternative to its request for dismissal, defendants seek an Order pursuant to FRCP 37(a)(3)(B), "to be personally served on the Non-Responsive Opt-Ins by their counsel, compelling the Non-Responsive Opt-Ins to Respond to [defendants'] written discovery requests within thirty days of the date of the order, and explicitly stating that a

---

[3] Defendants note that the instant Motion is brought within 45 days of the date the first group of Non-Responsive Opt-Ins failed timely to respond to defendants' discovery requests, as required by this Court's Chambers Rules. *Id.* at p. 9.

4

3:13cv644L(KSC)

failure to comply will result in dismissal of their claims with prejudice pursuant to 37(b)(2)(A)." *Id.* at p. 16. Defendants assert that the identified Non-Responsive Opt-Ins are plaintiffs who "failed to submit discovery responses, and whom Plaintiffs' counsel has identified as non-responsive." *Id.* at p. 8.

This Court finds good cause to provide the Non-Responsive Opt-Ins a final opportunity to comply with their discovery obligations. Consequently, the Court **GRANTS** defendants' request to compel the Non-Responsive Opt-In plaintiffs to respond to defendants' written discovery requests within **thirty days** of the date of this Order. The Court hereby notifies the Non-Responsive Opt-In plaintiffs and their counsel that failure to respond to defendants' written discovery requests within **thirty days** of the date of this Order will result in this Court issuing a Report and Recommendation for dismissal of the Non-Responsive Opt-In plaintiffs' claims with prejudice pursuant to Rule 37(b)(2)(A). The Court **ORDERS** plaintiffs' counsel, pursuant to FRCP 37(a)(3)(B), to personally serve a copy of this Order on the Non-Responsive Opt-In plaintiffs, with return receipt requested.

Regarding any anticipated future Joint Motions to Dismiss or Compel additional Non-Responsive Opt-In plaintiffs [Doc. No. 179, pp. 7, 10], in the interest of judicial efficiency, the Court hereby **GRANTS** the parties leave until on or before **January 23, 2017** to file such a Motion. The parties shall file a *single* Joint Motion to Dismiss or Compel the additional Non-Responsive Opt-In plaintiffs, limited to **20 pages or less.** The parties are required to have met and conferred pursuant to the District Local Rules, and this Court's Chamber Rules before filing the anticipated Joint Motion to Dismiss or Compel on or before January 23, 2017.

### c) Plaintiffs' Counsel's Request To Withdraw As Counsel For Certain Non-Responsive Opt-In Plaintiffs.

To the extent that plaintiffs' counsel seeks leave from the Court to withdraw as counsel for certain Non-Responsive Opt-Ins [Doc. No. 179, p. 18], plaintiffs must file a

separate motion before the District Court Judge assigned to this matter. Accordingly, plaintiffs' motion to withdraw as counsel for certain Non-Responsive Opt-Ins is **DENIED** without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Joint Motion is **GRANTED** in part and **DENIED** in part. [Doc. No. 179.]

1. The Court **DENIES** defendants' request to dismiss with prejudice the claims of eighteen Non-Responsive Opt-In plaintiffs who have failed to timely respond to Petco's discovery requests. The Court notes that it does not have the authority to dismiss the claims outright, but **DENIES** defendants' request to issue a Report and Recommendation to the District Judge recommending dismissal of the Non-Responsive Opt-Ins' claims.

2. The Court **GRANTS** defendants' request to compel the Non-Responsive Opt-In plaintiffs to respond to defendants' written discovery requests within **thirty days** of the date of this Order. The Court hereby notifies the Non-Responsive Opt-In plaintiffs and their counsel that failure to respond to defendants' written discovery requests within **thirty days** of the date of this Order will result in this Court issuing a Report and Recommendation for dismissal of the Non-Responsive Opt-In plaintiffs' claims with prejudice pursuant to 37(b)(2)(A). The Court **ORDERS** plaintiffs' counsel, pursuant to FRCP 37(a)(3)(B), to personally serve a copy of this Order on each Non-Responsive Opt-In plaintiff, with return receipt requested.

3. The Court **GRANTS** the parties leave until on or before **January 23, 2017** to file a Joint Motion to Dismiss or Compel the additional Non-Responsive Opt-In plaintiffs. The parties shall file a *single* Joint Motion to Dismiss or Compel the additional Non-Responsive Opt-In plaintiffs, limited to **20 pages or less.**

4. The Court **DENIES** without prejudice plaintiffs' motion to withdraw as counsel for certain Non-Responsive Opt-Ins.

**IT IS SO ORDERED.**

Date: November 23, 2016

KAREN S. CRAWFORD
United States Magistrate Judge