FILED

17 JUN 13 AM 9:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY MPL                    DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KELLGREN, individually and on behalf of all others similarly situation,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.; and, DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 13-cv-644 L (KSC)<br><br>**ORDER GRANTING JOINT MOTION FOR PARTIAL STAY AND CONTINUANCE OF PRE-TRIAL DATES [Doc. No. 261];**<br><br>**THIRD AMENDED SCHEDULING REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On June 9, 2017, the parties filed a Joint Motion for Partial Stay and Continuance of Pre-Trial Dates. [Doc. No. 261.] Therein, they seek to stay until July 24, 2017 the above-captioned action and the three related actions[1] that have been transferred

---

[1] The three related actions are: (1) *Cote v. Petco Animal Supplies, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-00898-L-KSC, which was transferred to this Court on May 4, 2017 from the District of Massachusetts; (2) *Michel v. Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-01092-L-KSC, which was transferred to this Court on May 30, 2017 from the Eastern District of New York; and (3) *Hecker v. Petco Animal Supplies, Inc., Petco Animal Supplies*

1

13-cv-644 L (KSC)

(or are in the process of being transferred) to this Court. [Doc. No. 261, at p. 2.] The reason for the requested partial stay and continuance of certain pre-trial dates is to allow the parties to endeavor to successfully resolve this and the related actions at mediation, which is currently scheduled to proceed on July 20, 2017 with the Hon. Diane M. Welsh (Ret.) of JAMS in Philadelphia. *Id.* The parties assert that the requested partial stay and continuance of certain pre-trial dates will allow them "to focus on the mediation and possible resolution of these actions." *Id.* The parties further seek to stay decisions on all motions presently before the Court[2] in the above-captioned action, with notable exceptions as described below. *Id.* at p. 4.

The parties request that the following motions are excepted from and not included in the partial stay:

1. Defendants' Motion To Dismiss Claims Of Certain Opt-In Plaintiffs With Prejudice For Failure To Respond To Discovery And Comply With Court Orders [Doc. No. 260];

2. Defendants' anticipated Motion To Dismiss The Claim Of Farrah Forsythe, pursuant to Federal Rule of Civil Procedure 25; and,

3. Defendants' anticipated Motion To Dismiss Claims Of Certain Opt-In Plaintiffs With Prejudice For Failure To Appear At Deposition And Comply With Court Orders, which the parties assert will be filed shortly.

[Doc. No. 261.]

In addition, the parties jointly request that certain dates[3] in the Second Amended

---

*Stores, Inc. and Petco Holdings, Inc. LLC,* which is currently being transferred from the U.S. District Court for the Northern District of Illinois.

[2] Currently pending before the Court in the above-captioned litigation are several discovery disputes. [Doc. Nos. 212, 244, 256.]

[3] Specifically, the parties seek to continue for 60 days the following deadlines: (1) disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure; (2) supplemental disclosures

2

Scheduling Order Regulating Discovery and Other Pre-trial Proceedings [Doc. No. 184], in the above-captioned action, be continued for 60 days. [Doc. No. 261, at p. 3.] The reason for the parties' request for continuance of certain pre-trial dates is "to enable the parties sufficient time to complete discovery and prepare the necessary pretrial motions should the mediation not be successful." *Id.*

Good cause appearing, the Court **GRANTS** the parties' Joint Motion for Partial Stay and Continuance of Pre-Trial Dates. [Doc. No. 261.]

(1) The following above-captioned action, *Kellgren v. Petco Animal Supplies, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:13-cv-644-L-KSC, is stayed until July 24, 2017.

The following actions are also stayed until July 24, 2017:

(2) *Cote v. Petco Animal Supplies, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-00898-L-KSC;[4]

(3) *Michel v. Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-01092-L-KSC;[5] and

(4) *Hecker v. Petco Animal Supplies, Inc., Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc. LLC*, Case No. 16C10857, which is currently being transferred from the U.S. District Court for the Northern District of Illinois.[6]

/ / /

/ / /

---

regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D); (3) fact and expert discovery completion date; and (4) pre-trial motions, other than motions *in limine*. [Doc. No. 261, at p. 3.] .

[4] The Court will also issue a separate Order regarding the stay in *Cote v. Petco Animal Supplies, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-00898-L-KSC.

[5] The Court will also issue a separate Order regarding the stay in *Michel v. Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc.*, Civil Action No. 3:17-cv-01092-L-KSC.

[6] The Court will also issue a separate Order regarding the stay in *Hecker v. Petco Animal Supplies, Inc., Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc. LLC*, when it is transferred to this Court from the U.S. District Court for the Northern District of Illinois.

**IT IS FURTHER ORDERED** that the following motions are excepted from and not included in the partial stay:

1. Defendants' Motion To Dismiss Claims Of Certain Opt-In Plaintiffs With Prejudice For Failure To Respond To Discovery And Comply With Court Orders [Doc. No. 260];

2. Defendants' anticipated Motion To Dismiss The Claim Of Farrah Forsythe, pursuant to Federal Rule of Civil Procedure 25; and

3. Defendants' anticipated Motion To Dismiss Claims Of Certain Opt-In Plaintiffs With Prejudice For Failure To Appear At Deposition And Comply With Court Orders, which the parties assert will be filed shortly.

**IT IS FURTHER ORDERED THAT**:

1. By **September 7, 2017**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **September 21, 2017**.

3. All fact discovery shall be completed by all parties by **October 2, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service,

notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

4. All expert discovery shall be completed by all parties by **October 2, 2017**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5. All other pretrial motions including those addressing Daubert issues, summary judgment, decertification and final certification of the collective action, but excluding motions *in limine,* must be filed by **November 15, 2017**. Oppositions to the motions are due 30 days after they are filed. Replies shall be due 15 days after the filed Opposition. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. The hearing date and briefing schedule for motions *in limine* will be set at the Final Pretrial Conference. Each motion *in limine* shall be accompanied by a certification that the parties met and conferred in an attempt to resolve the issue. Plaintiff shall contact the law clerk of the assigned Magistrate Judge within three court days of receiving a

5

13-cv-644 L (KSC)

ruling from the District Court on any of the pre-trial motion.

**IT IS SO ORDERED.**

Dated: June 9, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

6