# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KELLGREN, THERESE KOPCHINSKI, and CHRISTINE LEE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 3:13-cv-00644-L-KSC<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF A SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES AND CLAIMS ADMINISTRATOR, AND APPROVING NOTICE AND SETTING FINAL FAIRNESS HEARING**<br><br><br><br>District Judge:  Hon. M. James Lorenz<br>Courtroom:  5B (Schwartz)<br><br>Magistrate<br>Judge:  Karen S. Crawford |

| | |
|---|---|
| MARIA COTE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-00898-L-KSC<br><br>Complaint Filed: January 31, 2017<br>(D. Mass.)<br><br>Transferred to SDCA: May 4, 2017 |
| DESERIE MICHEL, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC. and PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-01092-L-KSC<br><br>Complaint Filed: April 14, 2016<br>(E.D.N.Y.)<br><br>Transferred to SDCA: May 30, 2017 |
| HEATHER VARGAS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-01561-L-KSC<br><br>Complaint Filed: April 6, 2017 (D.N.J.)<br><br>Transferred to SDCA: August 3, 2017 |

| | |
|---|---|
| JAMES HECKER, on behalf of himself and all others similarly situated, | Case No. 3:17-cv-01169-L-KSC |
| Plaintiffs, | Complaint Filed: November 23, 2016 (N.D. Ill.) |
| v. | Transferred to SDCA: June 7, 2017 |
| PETCO ANIMAL SUPPLIES, INC., PETCO ANIMAL SUPPLIES STORES, INC., PETCO HOLDINGS, INC. LLC, and DOES 1 to 100, inclusive, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion For Preliminary Approval of Settlement, Preliminary Certification of a Settlement Class, Appointment of Class Representatives and Claims Administrator, Approval of Notice and Final Fairness Hearing (the "Preliminary Approval Motion") in the above-captioned consolidated cases, and after review and consideration of the Parties' Settlement Agreement (the "Settlement Agreement"), the papers in support of the Preliminary Approval Motion, including the Declaration of Seth R. Lesser and its accompanying exhibits, IT IS HEREBY ORDERED as follows:

1.      The proposed Settlement, as embodied in the terms of the Settlement Agreement, is hereby preliminarily approved as an agreement that appears to be a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class Members, including the individuals who filed consents to join the conditionally certified *Kellgren* collective action. All defined terms in the Settlement Agreement shall have the same meaning in this Order.

2.      Solely for the purpose of Settlement, the Court hereby preliminarily certifies a Settlement Class composed of the following individuals:

- Individuals who filed with the Court consents to join the *Kellgren* action and who, as of the date of entry of the Preliminary Approval Order, had not withdrawn their consent or had their claims dismissed;

1

- Individuals who worked in Colorado as an Assistant Manager ("AM") for Petco at any time between January 15, 2014 and June 18, 2016;

- Individuals who worked in Illinois as an AM for Petco at any time between November 23, 2013 and June 18, 2016;

- Individuals who worked in Massachusetts as an AM for Petco at any time between January 31, 2014 and June 18, 2016;

- Individuals who worked in New Jersey as an AM for Petco at any time between April 6, 2015 and June 18, 2016;

- Individuals who worked in New York as an AM for Petco at any time between April 14, 2010 and June 18, 2016;

- Individuals who worked in Oregon as an AM for Petco at any time between October 21, 2014 and June 18, 2016; and

- Individuals who worked in Pennsylvania as an AM for Petco at any time between July 14, 2014 and June 18, 2016.

3. If the Settlement does not become final for any reason, the fact that Defendants did not oppose the certification of a Settlement Class shall have no bearing on, and will not be admissible in connection with, the issue of whether a class action is properly certified in a non-settlement context. The Court's findings are for purposes of preliminarily certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Defendants and their related entities (as defined in the Settlement Agreement) or in this litigation if the Settlement is not finally approved.

4. The Court finds that certification of the Settlement Class listed above, solely for purposes of Settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     The Court hereby preliminarily appoints Plaintiffs Erik Kellgren, Maria Cote, James Hecker, Therese Kopchinski, Christine Lee, Deserie Michel, Heather Vargas, Robert Wagner as Representatives of the Settlement Class, and finds that they meet the requirements of Rule 23(a)(4).

6.     In accordance with Rules 23(a)(4) and (g), the Court approves Seth Lesser, Fran Rudich, Michael Reed, Christopher Timmel, Marc Hepworth, Charles Gershbaum, David Roth, and Rebecca Predovan as Settlement Class Counsel for all of the Settlement Class.  Settlement Class Counsel is authorized to act on behalf of class members with respect to the acts or consents under the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any class member may enter an appearance through counsel of his or her choosing and at his or her own expense.  Any Class Member who does not enter an appearance through counsel or appear on his or her own behalf will be represented by Settlement Class Counsel.

7.     The Court finds that the plan for providing notice to the Settlement Class set forth in Plaintiffs' Motion for Preliminary Approval is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  That plan is approved and adopted.

8.     Conditional on adoption of the change noted in paragraph 9 below, the Court finds that the Notice of Proposed Settlement and the Claim Form and Consent to Join FLSA Action ("Class Notice"), attached as Exhibit 3 to the Settlement Agreement, complies with Rule 23(c)(2) and Rule 23(e), and is appropriate as part of the plan for issuing notice set forth in the Settlement, and thus is conditionally approved and adopted.

9.     Section 8 of the Notice of Proposed Settlement (titled "How Can You Object?") suggests that one who submits a claim form cannot object.  This appears inconsistent with the terms of the Settlement, which provide only that one who opts out cannot object and appears silent as to what effect, if any, the submission of a claim form has upon the right to object.  Furthermore, it would unduly discourage objections if the

3

class thinks that they do so at the cost of both not receiving a settlement payment AND releasing their rights to sue. Approval is therefore conditional on altering Section 8 of the Notice of Proposed Settlement such that it is plain and clear that a class member (1) only loses his or her rights to timely object by submitting an opt-out request and (2) does not lose his or her right to timely object by submitting a claim. Plaintiffs shall submit an agreed upon, revised Notice of Proposed Settlement for Court approval within 10 days of the entry of this order. The Court will provide expedited review of the revised notice. Failure to comply with this paragraph will result in denial of preliminary approval.

10.     The Court appoints JND Legal Administration as the Claims Administrator for this settlement. The fees and expenses of the Claims Administrator will be paid from the Settlement Sum as provided for in the Settlement Agreement.

11.     To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Settlement Agreement, and directs the parties to incorporate the deadlines and dates in the Class Notice as follows:

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Defendants to provide to Claims Administrator an electronic file of all Settlement Class Members, including each person's name, last known address and telephone number, social security number, and number of Weeks Worked during the applicable class period(s) | Within 25 business days after entry of this Preliminary Approval Order. |
| Deadline for mailing of Class Notice by Claims Administrator to the Settlement Class Members. | Within 10 business days after receipt of the electronic file of Settlement Class Members from Defendants. |
| Deadline for Settlement Class Members to submit Claim Form | Within 80 calendar days after the date of initial mailing of the Class Notice. |

4

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Settlement Class Members to submit written objections to the Settlement | Within 45 calendar days after the date of initial mailing of the Class Notice. |
| Deadline for Settlement Class Members to opt-out | Within 45 calendar days after the date of initial mailing of the Class Notice. |
| Deadline for Plaintiffs to file a motion for an award of attorneys' fees, costs and Incentive Awards | Within 20 calendar days after the date of initial mailing of the Class notice. |
| Deadline for Plaintiffs to file a motion for Final Approval. | January 29, 2018 |
| Final Approval and Fairness Hearing | February 12, 2018 @11:00am. |

12.    The Final Approval and Fairness hearing is hereby scheduled for February 12, 2018 at 11 a.m. at the U.S. District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 5B.  This date shall be included in the Class Notice.

13.    Plaintiffs' motion for final approval of the settlement must include the required and customary filings.  In addition, the motion papers shall include (1) an affidavit evidencing Defendant's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice; and (2) the claims administrator's affidavit regarding compliance with its duties under the settlement and this Order, a copy of the actual Notice sent to the class, a report on the number of class members to whom Notice was sent, the number of undelivered notices, efforts to locate correct addresses for undelivered notices after the first mailing, number of notices sent to the updated addresses in a second mailing, the number of such notices returned undelivered, the

number of class members to whom payment will be made, and the average class member payment.

14.    The Court reserves the right to adjourn or continue the date of the Fairness Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

15.    As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the Settlement.

**IT IS SO ORDERED.**

Dated:  September 27, 2017

Hon. M. James Lorenz
United States District Judge